IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN H. BAKER, on behalf of
ANTHONY BAKER, #677952,
Petitioner,

vs. Case No.: 3:06cv423/MCR/EMT

JAMES R. McDONOUGH,
Respondent.
_______________________________/

**ORDER AND**
**REPORT AND RECOMMENDATION**

This cause is before the court on a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Petitioner seeks relief on behalf of his son, Anthony Baker, who is serving a life sentence at the Holmes Correctional Institution (*id*. at 4, continuation page). Petitioner's son does not directly assert any of the claims in the petition, nor does he sign the petition.

With rare exception, non-attorneys are not permitted to represent others in a legal capacity, and the exceptions to this rule are limited in scope. *See generally* Wolff v. McDonnell, 418 U.S. 539, 577-580, 94 S. Ct. 2963, 2985-86, 41 L. Ed. 2d 935 (1974); Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir. 1970); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982). Relevant to the use of "next friends" in habeas corpus cases, the United States Supreme Court has stated:

> A "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Morgan v. Potter, 157 U.S. 195, 198, 15 S.Ct. 590, 591 30 L.Ed. 670 (1895); Nash ex rel. Hashimoto v. MacArthur, 87 U.S. App. D.C., 268-270, 184 F.2d 606, 607-608 (1950), *cert. denied*, 342 U.S. 838, 72 S.Ct. 64, 96 L.Ed. 634 (1951). Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation--such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Wilson v. Lane, 870 F.2d 1250, 1253 (7th Cir. 1989), *cert. pending*, No. 89-81; Smith ex rel. Missouri Public Defender Comm'n v. Armontrout, 812 F.2d 1050, 1053 (8th Cir.), *cert. denied*, 483 U.S. 1033 (1987), 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987); Weber v. Garza, 570 F.2d 511, 513-514 (5th Cir.

> 1978). Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, *see, e.g.*, Morris v. United States, 399 F.Supp. 720, 722 (E.D. Va. 1975), and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. Davis v. Austin, 492 F.Supp. 273, 275-276 (N.D. Ga. 1980) (minister and first cousin of prisoner denied "next friend" standing). The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court. Smith, *supra*, at 1053; Groseclose ex rel. Harries v. Dutton, 594 F.Supp. 949, 952 (M.D. Tenn. 1984).
>
> . . . .
>
> Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Whitmore v. Arkansas, 495 U.S. 149, 163-64, 110 S. Ct. 1717, 1727-28, 109 L. Ed. 2d 135 (1990); *see also* Sanchez-Velasco v. Sec'y of Dep't of Corrections, 287 F.3d 1015, 1025 (11th Cir. 2002); Lonchar v. Zant, 978 F.2d 637, 641-42 (11th Cir. 1992). An analysis of competency

> involves a determination of (1) whether that person suffers from a mental disease, disorder, or defect; (2) whether a mental disease, disorder, or defect prevents that person from understanding his legal position and the options available to him; and (3) whether a mental disease, disorder, or defect prevents that person from making a rational choice among his options.

Lonchar, 978 F.2d at 641-42.

In the instant case, while the court considers that Petitioner has met the second prong of the test outlined in Whitmore, he has failed to demonstrate that his son is unable to himself proceed in this action. Petitioner states that his reason for pursuing habeas relief on behalf of his son is the fact that his son is procedurally barred from filing another section 2254 petition (*see* Doc. 1, "Jurisdictional Statement" ¶ 2). However, his son's procedural inability to present his claim is not the type of "disability" contemplated by Whitmore.[1]

Furthermore, even if this court granted "next friend" standing to Petitioner, this court does not have jurisdiction to consider the petition. The court notes that Petitioner's son presented the same claim that Petitioner raises here in a previous habeas case, Baker v. McDonough, Case No. 3:05cv455/MCR/EMT, which was dismissed for lack of jurisdiction because it was Petitioner's third section 2254 case challenging the same conviction, his first section 2254 case was denied because the claims were procedurally barred or without merit, and he had not obtained permission from the Eleventh Circuit Court of Appeals to file a successive petition (*see* Case No. 3:05cv455/MCR/EMT

[1]Petitioner's son's awareness that he is procedurally barred from filing another section 2254 petition indicates that he indeed understands his legal position and the options available to him, thus weighing against any finding of mental incompetence to assert his habeas claims himself.

(Docs. 10, 12)). The prohibition against successive petitions may not be circumvented by enlisting friends and family to file habeas petitions on the convicted's behalf. Absent permission from the Eleventh Circuit, this court may not entertain a section 2254 petition challenging Anthony Baker's conviction, whether it is filed by Anthony Baker or someone on his behalf.

Accordingly, it is **ORDERED**:

The clerk shall change the docket to reflect that the Petitioner in this case is "JOHN H. BAKER, on behalf of ANTHONY BAKER, #677952," as the court has already done in the caption of this order.

And it is respectfully **RECOMMENDED**:

That Petitioner's habeas petition (Doc. 1) be **DISMISSED** without prejudice for lack of jurisdiction.

At Pensacola, Florida, this 10th day of October 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**